### SAME CASE, BEFORE THE SAME JUSTICES.

### SPECIAL TERM, MARCH, 1889.

If in a bill for specific performance the contract sought to be enforced admits, in the opinion of the plaintiffs, of two constructions, they should both be averred in the bill alternatively.

### OPINION OF THE COURT, BY JUDD, C.J.

The judgment of the Court was that the decree below should be reversed and the bill dismissed. Counsel for plaintiffs then moved the Court "to grant them such relief herein as is appropriate to the case as the same appears to this Court, namely, to require the defendant trustee to give to the plaintiffs the preference over the said Kahua Ranch Company in respect of the leasing the premises in question, and to offer the same to the

plaintiffs at the same rental, and to require the said Kahua Ranch Company's lease to be suspended and held subject to the acceptance by the plaintiffs of such offer."

We held in *Manu vs. Campbell*, 4 Hawn., 498, "that under the prayer for general relief the Court may grant plaintiff some other relief than the specific relief prayed for, but it must be founded on averments in his bill which have been sustained."

We find no averments in the bill which would warrant the relief asked for in this motion. If in a bill for specific performance the contract sought to be enforced admits, in the opinion of the plaintiff, of two constructions, they should both be averred in the bill alternatively.

We overrule the motion.

### CONCURRING OPINION OF MR. JUSTICE DOLE.

I concur with the conclusion of the foregoing decision—that the said motion be overruled, but base my opinion on the ground that the covenant in question cannot be interpreted to mean a covenant to give the tenants the refusal of a new lease.